UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

TARA OSBORN,

    Plaintiff,

v.

JAB MANAGEMENT SERVICES, INC.
d/b/a ADVANCED CORRECTIONAL
HEALTHCARE, INC.,

    Defendant.

Case No.

Hon.

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
Attorneys for Plaintiff
617 Detroit St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tara Osborn ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, brings this action and alleges the following:

### INTRODUCTION

This Complaint arises out of Defendant Advanced Correctional Healthcare, Inc.'s unlawful termination of Plaintiff on account of her age in violation of The Illinois Human Rights Act (775 ILCS 5/2-101 et seq.) and misclassification of her as a salaried overtime-exempt employee in violation of the Fair Labor Standards Act ("FLSA"). Throughout her twelve years of service, Plaintiff was an exceptional Technical Support Specialist. For the final six years of her employment, she carried out the duties of her department largely by herself. Plaintiff went above and beyond what was required in her job description, often working well in excess of 40

hours a week without overtime compensation. Her consistent efforts earned praise from her colleagues, 35 of whom wrote over 120 commendations to her personnel file, including 22 from her past supervisor and another 22 from the current CEO. Despite her dedication and hard work, Defendant terminated Plaintiff on the nebulous pretextual basis of "not improving in her performance."

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Tara Osborn is an individual residing in the City of Washington, County of Tazewell, State of Illinois.

2. Defendant JAB Management Services, Inc., d/b/a Advanced Correctional Healthcare, Inc. is a domestic for-profit corporation headquartered in Knoxville, Tennessee.

3. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

4. Venue is proper in the Central District of Illinois pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiff's claims took place and where Defendant regularly conducts business.

5. Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing paragraphs by reference herein.

7. Plaintiff began her employment with Defendant in 2009 as an Administrative Assistant.

8. Plaintiff excelled in her position, earning definitive praise from her peers and superiors, and she quickly rose through the ranks to the level of Technical Support Specialist.

9. As a Technical Support Specialist, Plaintiff was responsible for, among other things:

    a. Supporting DetainEMR software by fielding technical support calls at all times, 365 days a year, and serving in a traditional tech support role, with her duties taking precedence over vacations, holidays, and illness;

    b. Supporting the CQI database;

    c. Learning supplementary programming languages outside of work hours, including PowerBi, MS Flow (Power Automate), SQL, and others; and

    d. Functioning as a Sharepoint Administrator.

10. Over the course of her employment, Plaintiff worked on average at least 15 hours in excess of 40 hours per week.

11. For years, Plaintiff was the only "on call" Technical Support Specialist.

12. Plaintiff was "on call" 24 hours per day, 365 days per year.

13. Plaintiff's job duties took precedence over vacations, holidays, and illness.

14. Plaintiff routinely brought her laptop with her to and worked during birthday parties, family outings, holiday gatherings, and other such events.

15. Plaintiff's duties as a Technical Support Specialist fit the description of a traditional technical support role.

16. As an Administrative Assistant and later as a Technical Support Specialist, Plaintiff did not supervise anyone, nor did she have the "authority to hire, fire, discipline, discharge, assign overtime, and/or direct and assign work, or the ability to effectively recommend any of these actions."

17. Plaintiff was not allowed, as either an Administrative Assistant or a Technical Support Specialist, to deviate from established policies or procedures, nor was she required to have any advanced educational prerequisites for either position.

18. In fact, Plaintiff taught herself all of her job functions over the course of her 12 years of employment.

19. Plaintiff was unlawfully docked pay when she worked less than (40) forty hours per week.

20. Plaintiff performed her duties with exceptional skill and professionalism.

21. Plaintiff's work was recognized by over 35 different employees who wrote more than 120 commendations to her personnel file.

22. Defendant's Chief Executive Officer, Jessica Young, stated in numerous commendations that she appreciated Plaintiff.

23. Ms. Young credited Plaintiff with the success of several projects that faced COVID-related challenges, stating: "This startup went really well because of [Plaintiff]'s knowledge."

24. Plaintiff never received any discipline during her employment.

25. Plaintiff never received any write-ups based on performance during her employment.

26. Prior to her termination, company founder Dr. Norman Johnson stated that he had "never had any complaints" about Plaintiff.

27. On August 1, 2021, Defendant terminated Plaintiff's employment.

28. Plaintiff was 59 years old at the time of her termination.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff incorporates the foregoing paragraphs by reference herein.

30. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

31. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of the FLSA.

32. Plaintiff was employed first as an "Administrative Assistant" and later as a "Technical Support Specialist" by Defendant Company from 2009 through 2021, was designated as "exempt" from overtime, and was paid a salary for all work performed.

33. Plaintiff worked diligently for Defendant outside of normal business hours, including on nights and weekends.

34. Plaintiff routinely responded to technical support calls from home over the holidays.

35. Plaintiff consistently and regularly worked more than forty (40) hours per week.

36. Plaintiff was unlawfully docked pay when she worked less than (40) forty hours per week.

37. Plaintiff did not have an advanced specialized academic degree.

38. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

39. Plaintiff was not formulating or implementing management policies, utilizing authority to waive or deviate from established policies, providing expert advice, or planning business objectives in accordance with the dictates of 29 C.F.R. § 541.202(b).

40. Therefore, the work performed by Plaintiff renders her non-exempt.

41. In violation of the FLSA, Defendant failed to pay Plaintiff proper overtime compensation for hours worked in excess of forty (40) hours per week.

42. Defendant's conduct was done willfully and in bad faith.

43. As a result of Defendant's unlawful acts, Plaintiff was deprived of earned wages in amounts to be determined at trial.

### COUNT II
### VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT (775 ILCS 5/2-101 et seq.)
### (DISPARATE TREATMENT BASED ON AGE)

44. Plaintiff incorporates the foregoing paragraphs by reference herein.

45. Pursuant to the Illinois Human Rights Act, Plaintiff is a member of a "protected class" because she was 59 years old at the time of her termination.

46. Plaintiff met or exceeded Defendant's legitimate job expectations during her Employment Period.

47. Defendant took one or more adverse actions against Plaintiff because of her age, including subjecting Plaintiff to different and less favorable terms and conditions of employment than employees who were younger, and then terminating Plaintiff on August 1, 2021 without any justification after she had been an exemplary employee for twelve years.

48. Defendant treated similarly situated younger employees more favorably than they treated Plaintiff.

49. Defendant's discriminatory conduct was intentional.

50. Defendant's conduct was done with malice or reckless indifference to Plaintiff's rights under Illinois law.

51. Plaintiff was damaged by Defendant's discriminatory conduct in violation of the IHRA. Her damages include, but are not limited to, her lost wages, damage to her career, lost

benefits, future pecuniary losses, inconvenience, emotional and psychological harm and other harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

52. Judgment against Defendant in the amount of Plaintiff's unpaid wages, liquidated damages, punitive damages, and attorney fees under the FLSA;

53. Judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, compensatory damages, emotional distress, punitive damages, and attorney fees under the IHRA;

54. Award Plaintiff appropriate equitable relief, compensatory damages, and exemplary damages;

55. Appropriate civil penalties;

56. All costs, attorneys' fees, and interest incurred prosecuting this claim; and

57. All further relief as the Court deems just and equitable.

Respectfully submitted
HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorney for Plaintiff*

Dated: February 18, 2022

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TARA OSBORN,

      Plaintiff,   Case No.

v.   Hon.

ADVANCED CORRECTIONAL
HEALTHCARE, INC.,

      Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
Attorneys for Plaintiff
617 Detroit St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

## **JURY DEMAND**

Plaintiff Tara Osborn by and through her attorneys, HURWITZ LAW PLLC, hereby demands a trial by jury of the issues in the above-captioned cause of action.

                Respectfully submitted
                HURWITZ LAW PLLC

                */s/ Noah S. Hurwitz*
                Noah S. Hurwitz (P74063)
                *Attorney for Plaintiff*

Dated: February 18, 2022